# EXHIBIT D



August 1, 2011

Mr. Curtis E. Sawyer
Premier Trailer Leasing, Inc.
3600 William D. Tate Avenue, Suite 300
Grapevine, TX 76051

Dear Mr. Sawyer:

You have advised us that Garrison Investment Group LP and its affiliates ("Garrison") currently holds 100% of Premier's senior secured debt. You have also advised us that Premier Trailer Leasing, Inc. ("Premier" or "the Company") will be filing a Chapter 11 Bankruptcy petition and that Garrison plans to exchange its senior secured debt for a majority of the equity as part of Premier's reorganization. Finally, you have requested that PNC Bank, National Association ("PNC" or the "Agent") provide Premier (upon its emergence from bankruptcy, "the Borrower"), with an aggregate of up to $55,000,000 in senior secured financing, the proceeds of which will be used to fund, in part, (i) a payment to Garrison of $22,000,000 as partial repayment of Garrison's investment in Premier, (ii) the fees and expenses associated with this transaction, and (iii) the ongoing working capital and capital expenditure needs of Borrower.

PNC is pleased to present, for preliminary discussion purposes only, a proposal to underwrite the senior secured financing with PNC providing up to $55,000,000 for the purposes set forth above as more fully described in the attached Preliminary Memorandum of Terms and Conditions (the "Preliminary Term Sheet").

It is understood that this letter and the Preliminary Term Sheet merely constitute a statement of suggested terms for discussion with respect to the transactions contemplated hereby, do not contain all matters upon which agreement must be reached in order for the transactions contemplated hereby to be consummated and, therefore, do not constitute a binding commitment with respect to these transactions. A binding commitment with respect to the credit facilities will result only from execution and delivery by all of the parties of a definitive agreement relating to credit facilities, subject to the conditions contained therein, that is acceptable to Garrison.

PNC reserves the right to syndicate a portion of the credit facilities (either before or after execution of definitive documentation) with a financial institution or group of financial institutions as mutually acceptable to PNC and Borrower. Accordingly, the Borrower hereby represents and covenants that to the best of its knowledge, all written information and data (other than financial projections) prepared by the Borrower, concerning the Borrower or the transactions contemplated hereby (the "Information") which is made available in writing to PNC by the Borrower or any authorized representative of the Borrower in connection with the transactions contemplated hereby (as subsequently updated or corrected), will be complete and correct in all material respects and will not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements contained therein in the aggregate, in light of the circumstances under which such statements were made, not misleading. All financial projections prepared by the Borrower in

connection with the transaction contemplated hereby will be prepared in good faith based upon what the Borrower believes are reasonable assumptions based on the most currently available information.

PNC may terminate its obligations under this letter if the terms of the proposed transactions are changed in any material respect, if any material information submitted to PNC proves to have been inaccurate or incomplete in any material respect, if any material adverse change occurs, or any additional information is disclosed to or discovered by PNC, whether prior to Premier's acceptance of this letter or during the period of such acceptance until the execution of definitive documentation, which PNC (acting reasonably) deems materially adverse in respect of the condition (financial or otherwise), business, operations, assets, nature of assets, liabilities or prospects of Premier taking into consideration the fact that PNC is aware that Premier expects to file a Chapter 11 Bankruptcy petition.

The Borrower hereby indemnifies and holds harmless PNC and each director, officer, employee and affiliate thereof (each, an "Indemnified Person"), from and against any or all losses, claims, damages, expenses and liabilities incurred by any Indemnified Person that arise out of or relate to any investigation or other proceeding (including any threatened investigation or litigation or other proceedings and whether or not such Indemnified Person is a party thereto) relating to this letter or the Preliminary Term Sheet, including without limitation the reasonable fees and disbursements of counsel (which fees and disbursements may include, but are not limited to, reasonable fees and disbursements of in-house counsel incurred in connection with any of the foregoing) but excluding any of the foregoing claimed by any Indemnified Person to the extent incurred by reason of the gross negligence or willful misconduct of such Indemnified Person as determined by a court judgment. PNC shall not be responsible or liable to the Borrower or any other person for consequential damages which may be alleged as a result of this letter or the Preliminary Term Sheet. The Borrower's obligations under this paragraph shall survive any termination of this letter except that upon the execution of the definitive financing agreements the terms of such agreements shall supersede these provisions.

This letter and the Preliminary Term Sheet are delivered to the Borrower and Garrison on the condition that they be kept confidential and are not to be shown to, or discussed with, any third party (other than on a confidential or need-to-know basis with the directors, officers, employees, counsel and other advisors of the Borrower or Garrison, or as required by law) without PNC's prior approval.

In order for PNC to proceed with the credit and due diligence investigation, upon request by Agent Borrower hereby agrees to pay PNC $85,000 (the "Deposit Fee") upon the execution of this letter. Such deposit shall be refundable (less reasonable costs and expenses incurred by PNC in connection with such credit and due diligence investigation, including reasonable fees and disbursements of outside counsel) only in the event that (i) PNC does not approve this transaction substantially on the terms proposed herein and in the Preliminary Term Sheet or (ii) the parties are unable to agree definitive financing agreements. In the event that the Borrower does not accept PNC's commitment substantially on the terms proposed herein and in the Preliminary Term Sheet, requests PNC to cease seeking credit approval or accepts a commitment from another lender or financing source, the Deposit Fee will be deemed earned in its entirety. In addition, Borrower agrees to pay all costs and expenses of providing PNC with such appraisals, audits, financial reports, background checks and other documents as may be reasonably requested in connection with the credit and due diligence investigation. Borrower acknowledges that PNC, in its sole discretion, may require customer, vendor and credit reference checks as well as tax liens, litigation and judgment searches, and background reports on the Borrower and certain key individuals associated with Borrower.

Premier Trailer Leasing, Inc.                                        August 1, 2011

Following PNC's credit approval, if received, with the acceptance of a commitment letter (if requested by the Borrower) the Borrower agrees to pay PNC an additional non-refundable Commitment Fee of $50,000. The Commitment Fee will be applied to the Closing Fee at closing.

We appreciate the opportunity to provide this proposal and look forward to working with you on successfully completing this transaction. We will proceed with the proposed credit and due diligence inquiry after we have received this letter countersigned by you and returned to PNC before the close of business on August 3, 2011.

Sincerely,

PNC Bank, National Association

Sara V. Traberman

Agreed and accepted:

Premier Trailer Leasing, Inc.

By: _____
Name: CURTIS E. SAWYER
Title CFO

3

## PRELIMINARY MEMORANDUM OF TERMS AND CONDITIONS FOR

### Premier Trailer Leasing, Inc.

**This summary of Terms and Conditions is neither a commitment nor an offer to lend and does not create any obligation on the part of the Lenders. The Lenders will not be deemed to extend any commitment to the Borrower unless and until a formal commitment letter is issued. The following is a brief description of the principal terms of suggested facilities and is intended for discussion purposes only.**

| | |
|---|---|
| Borrower: | Premier Trailer Leasing, Inc. ("Borrower"). |
| Agent: | PNC Bank, National Association ("PNC" or "Agent"). As Agent, PNC reserves the right to syndicate the Credit Facility with other financial institutions as mutually acceptable to the Lenders and the Borrower. |
| Lenders: | PNC, as Agent, and other financial institutions as mutually acceptable to PNC and the Borrower. |
| Purpose: | To fund (i) a payment to Garrison of $22,000,000 as partial repayment of Garrison's investment in Premier, (ii) the fees and expenses associated with this transaction, and (iii) the ongoing working capital and capital expenditure needs of Borrower. |
| Commitment: | $55,000,000 in committed senior secured financing with availability subject to the Borrowing Base described below. |
| Credit Facilities: | PNC to provide a Revolving Credit with advances subject to a borrowing base (the "Borrowing Base"), comprised of: |

    a) 85% of eligible accounts receivable aged 60 days or less from due date and no more than 90 days from invoice date, cross aged on a basis of 50% or more past due, plus

    b) 85% of the appraised Net Orderly Liquidation Value ("NOLV") of the rental fleet (the "Initial Rental Fleet Availability"). Each month, Rental Fleet Availability shall be (i) increased by 85% of the cost of trailers acquired in the immediately preceding month and (ii) decreased by the current value ascribed in the Borrowing Base to the trailers disposed of in the immediately preceding month, to arrive at the end of month Rental Fleet Availability. At each quarter end, the applicable end of month Rental Fleet Availability shall be reduced by 1.25%, less

    c) A $3,000,000 reserve (the "Availability Reserve"). The Availability Reserve will be reduced based upon performance targets TBD.

| | |
|---|---|
| Increase Option: | At the Borrower's option the Revolving Credit may be increased by an amount not to exceed $25,000,000 without additional approval from the Lenders (the "Increase Option"). The Borrower may solicit incremental |

**PRELIMINARY MEMORANDUM OF TERMS AND CONDITIONS FOR**
Premier Trailer Leasing, Inc.

|  |  |
|---|---|
| | commitments from any Lender and/or financial institution satisfactory to the Agent.  Notwithstanding the foregoing, no Lender shall be mandated to provide such incremental commitment. |
| Amortization: | Available for borrowing and reborrowing until maturity, subject to a Borrowing Base. |
| Maturity: | Five (5) years from the closing date. |
| Interest Rate: | PNC Base Rate floating + 1.50% or 30, 60, or 90 day PNC Eurodollar Rate plus 2.50%. |
| | Interest will be calculated on the daily outstandings on a 360 day year for the actual number of days elapsed and will be due monthly in arrears on the first day of each month for Base Rate borrowings and at maturity for Eurodollar borrowings. |
| Default Rate: | 2% over the applicable rate. |
| Collateral: | (i) First priority perfected security interest in essentially all of the Borrower's assets including but not limited to present and future and wherever located accounts receivable, general intangibles, investment property, contract rights, all rights to the payment of money, instruments, documents,  chattel  paper, inventory, real estate, machinery, equipment (except to the extent secured in favor of equipment lessors, e.g., Stoughton), furniture, fixtures, licenses, trademarks, trade names, patents, copyrights, and other assets and (ii) all proceeds and products thereof. All loans shall be completely cross-collateralized and secured by all collateral in all respects. |

## FEE STRUCTURE:

|  |  |
|---|---|
| Deposit Fee: | $85,000 due and payable upon execution of the proposal letter.  Such Deposit Fee shall be refundable (less costs and expenses incurred by PNC, including appraisals and fees and disbursements of in-house and outside counsel) only in the event that PNC does not approve this transaction substantially on the terms proposed within. |
| Commitment Fee: | $50,000 due upon execution of a commitment letter (if requested by the Borrower) and applied to the Closing Fee, if the transaction closes.   The Commitment Fee is non-refundable. |
| Closing Fee: | 1.00% of the Commitment.  The Commitment Fee shall be credited to the Closing Fee, which shall be payable on the closing date. |
| Facility Fee: | 0.375% per annum on the unused portion of the Revolving Credit Facility. This fee shall be calculated on the basis of a 360-day year for the actual number of days elapsed and will be payable quarterly in arrears. |
| Collateral Management Fee: | $1,500 per month (audits are an additional $850 per man-day plus expenses). |

**PRELIMINARY MEMORANDUM OF TERMS AND CONDITIONS FOR**
Premier Trailer Leasing, Inc.

| | |
|---|---|
| Expenses: | All reasonable expenses incurred in relation to the Credit Facilities (less amounts paid in respect thereto out of the Deposit Fee), including reasonable legal, accounting, appraisals, audit, searches and the filing and recording of UCC filings and other security documents, and any other reasonable expenses in reference to structuring, documenting, closing, monitoring or enforcing the agreements shall be for the account of the Borrower. |
| Conditions Precedent: | Including, but not limited to, the following: |

1.  Agent and Agent's counsel's satisfaction with the final Plan of Reorganization and the final legal and capital structure at closing.

2.  No material adverse change in the condition, financial or otherwise, operations, properties, assets or prospects of the Borrower.

3.  No material threatened or pending litigation or material contingent obligations, except as disclosed prior to closing and satisfactory to the Agent.

4.  Satisfactory documentation and legal review. Satisfactory legal opinions.

5.  Satisfactory collateral field audit to be completed by examiners selected by the Agent. Satisfactory review of Borrower's books and records.

6.  Satisfactory valuation of Borrower's rental fleet inventory by an appraisal firm satisfactory to PNC, with the cost to be borne by Borrower. Appraisal to be updated annually (semi-annually on a desk-top basis).

7.  Receipt and satisfactory (in light of the Borrower's expected Chapter 11 Bankruptcy petition filing) review of the audited financial statements for the FYE12/31/08, 12/31/09 and 12/31/10.

8.  Receipt and satisfactory review of monthly and annual projections demonstrating the ability to service the proposed financing.

9.  Evidence that all actions reasonably necessary or in the opinion of the Agent reasonably desirable to perfect and protect the security interest of the Agent have been taken.

10. The Borrower will have minimum opening revolving credit availability of $20,000,000 at closing after fees and expenses and subtraction of trade payables 60 days or more past due. Such availability to be evidenced by a borrowing base certificate satisfactory to the Agent.

11. Satisfactory review by the Agent, in its sole discretion, of all material agreements (if applicable), including but not limited to, any customer agreements and vendor supply agreements.

PRELIMINARY MEMORANDUM OF TERMS AND CONDITIONS FOR
Premier Trailer Leasing, Inc.

12. Evidence that Borrower is in material compliance with all pertinent Federal, State and local regulations including, but not limited to, those with respect to EPA, OSHA and ERISA.

13. All receipts shall be directed to a lockbox or blocked account approved and controlled by PNC. Deposits shall be credited to the Borrower's account immediately for borrowing availability purposes and interest calculation purposes.

**Covenants:** Subject to customary exceptions, thresholds and qualifications to be mutually agreed upon, including but not limited to, maintenance of corporate existence, payment of indebtedness and taxes when due, financial reporting requirements, delivery of certificate of non-default, limitation on capital expenditures, restriction and quality standards with respect to investments, limitation on other debt, limitation on other liens or guarantees, limitation on change of control, limitation on dividends, no change in nature of business, no change in fiscal year, limitation on sale of assets, and limitations on mergers or acquisitions and no additional subsidiaries unless given the prior written consent of PNC or such subsidiaries are domestic entities and become either borrowers or guarantors and agree to pledge their assets as collateral.

Financial covenant: minimum Fixed Charge Coverage Ratio of 1.10:1, defined as (a) EBITDA less unfinanced capital expenditures over (b) debt service and cash taxes, to be measured quarterly on a rolling four quarter basis.

**Events of Default:** Subject to customary exceptions, thresholds and qualifications to be mutually agreed upon, appropriate events of default, including, but not limited to, the following:

1) Any non-payment when due of interest and/or principal of any advance, loan or drawing under the Credit Facilities, or any fee thereunder. Payment defaults to include a violation of the Borrowing Base, provided that no Event of Default shall have occurred in the event (i) such violation arises as a consequence of revaluation of the rental fleet pursuant to an appraisal, (ii) such violation does not exceed $1,000,000, and (iii) Borrower cures such violation within 10 Business Days of receipt of the final appraisal with respect thereto.

2) Any breach of material respect of any representation or warranty when made.

3) Any violation in any respect of any affirmative or negative covenant.

4) Any of the material security interest or liens granted by the Collateral Documents ceases to be a valid, binding and enforceable first priority security interest.

7

**PRELIMINARY MEMORANDUM OF TERMS AND CONDITIONS FOR**
Premier Trailer Leasing, Inc.

5)  Any default related to other material indebtedness by the Borrower, which has continued beyond the grace period or for a period of time sufficient to permit the acceleration of such indebtedness.

6)  Any bankruptcy, insolvency, attachment, receivership or similar proceeding shall be instituted by or against the Borrower.

7)  Any judgments for the payment of money in excess of a threshold to be agreed in the aggregate shall be rendered or judgment liens filed against the Borrower unless the same shall be contested in good faith, and the Borrower establishes reserves satisfactory to the Bank and enforcement of such judgments or liens is continuously stayed, satisfied or discharged of record within forty (40) days of such rendering or filing.

Governing Law:    New York