IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **PTL HOLDINGS LLC,** *et al.*,[1] | ) | **Case No. 11-12676 (__)** |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF ORDER (A) PROVIDING EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS; (B) PROVIDING FOR WAIVER OF REQUIREMENT TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS IF PLAN BECOMES EFFECTIVE PRIOR TO EXPIRATION OF SUCH EXTENSION; AND (C) DIRECTING THE U.S. TRUSTEE NOT TO CONVENE A MEETING OF CREDITORS OR EQUITY SECURITY HOLDERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court (this "Motion"), pursuant to 11 U.S.C. §§ 105, 341(e), 363, 1107, and 1108 and Rule 1007 of the Federal Rules of Bankruptcy Procedure, for the entry of an order (a) granting the Debtors additional time to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"), (b) providing for a waiver of the requirement of the Debtors to file the Schedules and Statements if the Debtors confirm their Plan (as defined below) and such Plan becomes effective prior to the expiration of such extension, and (c) directing the Office of the United States Trustee (the "U.S. Trustee") not to convene a meeting of creditors or equity security holders in the Debtor's chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: PTL Holdings LLC ("Holdings") (6723) and Premier Trailer Leasing, Inc. ("Premier") (3906). The Debtors' address is 3600 William D. Tate Avenue, Suite 300, Grapevine, Texas 76051.

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 105(a), 363, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently herewith, the Debtors have filed a motion with this Court requesting joint administration of the Debtors' chapter 11 cases (the "Cases") for procedural purposes only. The Debtors are operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

4. Founded in 2005, the Debtors are a provider of semi-trailer rentals, specializing in road-ready semi-vans and flatbeds for the mid-market segment of the transportation industry. The Debtors provide their customers with a myriad of services, including short-term trailer rentals, operating leases, leases with purchase options, used semi-

trailers for purchase, sale and lease-backs and maintenance services. Headquartered in Grapevine, Texas, the Debtors, through their operating company Premier Trailer Leasing, Inc., operate their business out of nineteen branches in fifteen different states in the United States. Premier's 18 corporate employees are located at the Debtors' main offices in Grapevine, Texas and King of Prussia, Pennsylvania and various remote locations. The remaining 47 of the Debtors' employees are located throughout Premier's branch offices.

5. On the Petition Date the Debtors filed the *Prepackaged Joint Chapter 11 Plan of Reorganization* (the "Plan"). The primary purpose of the Plan is to effectuate the restructuring and substantial de-leveraging of the Debtors' capital structure in order to bring it into alignment with the Debtors' present and future operating prospects and to provide the Debtors with greater liquidity.

6. The other facts and circumstances further supporting the relief requested herein are fully set forth in the *Declaration of Scott J. Nelson in Support of Chapter 11 Petitions and First Day Motions* (the "Nelson Declaration") filed contemporaneously herewith and which is incorporated herein by reference.

### The Proposed Restructuring

7. Commencing in January 2011, the Debtors' prepetition lenders (Bank of America, Garrison Investment Group and Burdale Financial Limited collectively, and including their respective successors and assigns, the "Lenders") advised the Debtors that they engaged advisors to analyze the Debtors' operations and prepare for an orderly wind-down of the Debtors' business. In mid-April 2011, while negotiations concerning the wind-down of the

Debtors' business were ongoing, Bank of America ("BofA") sold its position in the First Lien Credit Agreement[2] to affiliates of Garrison Investment Group ("Garrison"). On April 20, 2011, BofA resigned as Agent and was replaced by an affiliate of Garrison, effective May 20, 2011. Following BofA's resignation as Agent and Garrison's acquisition of a controlling interest in the First Lien Credit Agreement, the Debtors and the Lenders (now including Garrison) entered into negotiations for a restructuring of the Debtors' indebtedness that would allow the Debtors to continue as a going concern.

8.  The Debtors' management and directors, together with their advisors, worked diligently with the Lenders to arrive at a structure that would maximize recovery for the Lenders and the Debtors' other creditors and constituencies. Ultimately, the Lenders were not able to agree on a workable solution to either restructure the Debtors' obligations and keep operations going forward or wind down the Debtors' obligations and liquidate the assets. Garrison and Burdale Financial Limited ("Burdale") subsequently negotiated for Garrison's purchase of Burdale's interest in the First Lien Credit Agreement which allowed Garrison to become the sole Lender under the First Lien Credit Agreement.

9.  On June 7, 2011, Garrison and certain of its affiliates purchased Burdale's interest in the First Lien Credit Agreement. As the sole remaining Lender, Garrison agreed to extend the maturity date on the First Lien Credit Agreement to August 31, 2011 and Garrison and the Debtors negotiated the Debtors' reorganization prospects.

---

[2] Capitalized terms not defined herein shall have the meaning as defined in the Plan.

10. On the date hereof the Debtors filed the *Prepackaged Joint Chapter 11 Plan of Reorganization of PTL Holdings LLC, et al. Under Chapter 11 of the Bankruptcy Code* (the "Plan"). The primary purpose of the Plan is to effectuate the restructuring and substantial de-leveraging of the Debtors' capital structure in order to bring it into alignment with the Debtors' present and future operating prospects and to provide the Debtors with greater liquidity. The Plan will allow the Debtors to continue their businesses in the ordinary course and gives holders the First Lien Credit Agreement (a) 100% of the equity of reorganized Premier and (b) the First Lien Credit Agreement Lenders' Payment (as defined in the Plan) in exchange for the cancellation of the First Lien Credit Agreement and the discharge of obligations owed thereunder. Holders of Second Lien Credit Agreement and general unsecured claims against the Debtors will not receive any distributions under the Plan. The existing membership interests in Holdings will be cancelled and such holders will not receive any distributions on account of such interests.

11. In connection with developing the Plan, the Debtors reviewed their current business operations and compared their prospects as an ongoing business enterprise with the estimated recoveries in various liquidation scenarios. As a result, the Debtors concluded that the Debtors' enterprise value would be maximized by continuing to operate as a going concern. The Debtors believed that their businesses and assets have value that would not be realized in a liquidation, either in whole or in substantial part. Consistent with the liquidation analysis described in the disclosure statement which accompanies the Plan, the value of the Debtors' assets would be greater if the Debtors operate as a going concern instead of liquidating.

Moreover, the Debtors believe that any alternative to confirmation of the Plan, such as an out-of-court restructuring, liquidation, or attempts by another part in interest to file a plan of reorganization, would result in significant delays, litigation, and additional costs, and ultimately diminish the Debtors' enterprise value.

### Relief Requested

12. By the Motion, the Debtors seek entry of an order pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), granting the Debtors an additional thirty (30) days to file their Schedules and Statements beyond the automatic thirty (30) day extension granted under Local Rule 1007-1(b) without prejudice to the Debtors' right to seek a further extension for cause shown, and, assuming the Debtors confirm the Plan prior to the expiration of such extended period and such Plan becomes effective, waiving the requirement that such Schedules and Statements be filed. Such an extension would give the Debtors a total of sixty (60) days from the Petition Date to file their Schedules and Statements. Inasmuch as the Debtors anticipate that the chapter 11 cases will be of a short duration, the Debtors respectfully seek to have the deadline to file their Schedules and Statements extended in the manner set forth herein. The Debtors do not plan to file a motion to establish a claims bar date because their proposed restructuring does not provide for the payment of any amounts to holders of general unsecured claims. In addition to the foregoing, the Debtors are seeking, pursuant to section 341(e) of the Bankruptcy Code, an order directing the U.S. Trustee not to convene a meeting of creditors.

## Basis for Relief

A. **Extension of Time to File Schedules and Statements**

13. Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), this Court is authorized to grant an extension in connection with the Schedules and Statements "for cause." To the extent confirmation of the Debtors' prepackaged Plan occurs before the expiration of such extended period, the Debtors respectfully request that such confirmation be deemed to act as a waiver of the requirement to file the Schedules and Statements. The Court has authority to grant the requested relief under Bankruptcy Code section 105(a), which grants the Court broad authority to issue any order that is appropriate to carry out the provisions of the Bankruptcy Code. Such relief is common in "prepackaged" chapter 11 bankruptcy cases in this district. *See, e.g., In re Affiliated Media, Inc.*, Case No. 10-10202 (KJC) (Bankr. D. Del January 26, 2010) (extending the time to file schedules 90 days after petition date, and waiving the requirement upon confirmation of the plan); *In re Latham International, Inc., et al.*, Case No. 09-14490 (CSS) (Bankr. D. Del. Dec. 23, 2009) (extending the time to file schedules 55 days after the petition date, and waiving the requirement upon confirmation of the plan); *In re NTK Holdings, Inc.*, et al., Case No. 09-13611 (KJC) (Bankr. D. Del November 19, 2009) (extending the time to file schedules 78 days after petition date, and waiving the requirement upon confirmation of the plan); *In re Source Interlink Companies, Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del. May 28, 2009); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del. Sept. 19, 2008) (45-day additional extension granted with permanent waiver of requirement to file schedules conditional upon confirmation of plan); *In re ACG Holdings, Inc.*,

Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 11, 2008) (45 day additional extension granted with permanent waiver of requirement to file schedules conditional upon confirmation of plan); *In re IWO Holdings, Inc.*, Case No. 05-10009 (PJW) (Bankr. D. Del. Jan. 4, 2005) (30-day additional extension granted with permanent waiver of requirement to file schedules conditional upon confirmation of plan).

        14.    Given the prepackaged nature of the chapter 11 cases, the Debtors believe that the purposes served by filing the Schedules and Statements generally have been rendered moot by the terms of the Plan (*i.e.*, the impaired creditor holding a First Lien Credit Agreement Claims have agreed to its proposed treatment, and all other unsecured creditors will either be paid in full or receive no distribution and have been deemed to, respectively, accept or reject the Plan). As a result, the completion of the Schedules and Statements will not provide a sufficient benefit to parties in interest since their claims are being consensually resolved or discharged without payment. In addition, certain of the information contained in such Schedules and Statements is available in the Disclosure Statement. A debtor is generally required to file the Schedules and Statements in order to permit parties in interest to understand and assess a debtor's assets and liabilities and thereafter negotiate and confirm a plan of reorganization. However, as set forth in the Voting Affidavit, the Debtors have already negotiated the prepackaged plan and solicited votes from those parties entitled to vote thereon, who, upon solicitation, have voted overwhelmingly to accept the prepackaged Plan. Accordingly, one of the primary justifications for requiring the Debtors to file the Schedules and Statements does not

exist in the chapter 11 cases and preparation of the Schedules and Statements would be unnecessarily burdensome to the Debtors' estates.

**B. Not Convening a Bankruptcy Code § 341 Meeting Is Justified in these Chapter 11 Cases**

15. Section 341(a) of the Bankruptcy Code requires the U.S. Trustee to convene and preside at a meeting of creditors, and section 341(b) of the Bankruptcy Code authorizes the U.S. Trustee to convene a meeting of equity security holders. Section 341(e) of the Bankruptcy Code, however, provides for the following exception to such provisions:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).

16. The Court has authority to grant the requested relief under section 341(e) of the Bankruptcy Code. Colliers recognizes that section 341(e) is "intended to expedite prepackaged chapter 11 cases in which there exist from the outset sufficient votes to confirm the plan." 3 COLLIERS ON BANKRUPTCY, ¶341.05A (Alan N. Resnick & Henry J. Sommers eds., 16th Ed.). Such relief is common in "prepackaged" chapter 11 bankruptcy cases in this district. *See, e.g., In re Jackson Hewitt Tax Service Inc., et al.*, Case No. 11-11587 (MFW) (Bankr. D. Del. May 25, 2011) (waiving the requirement to convene a meeting of creditors subject to confirmation of the plan within 60 days after petition date); *In re Xerium Techonologies, Inc., et al.*, Case No. 10-11031 (KJC) (Bankr. D. Del. Apr. 29, 2010) (waiving the requirement to convene a meeting of creditors subject to confirmation of the plan within 90 days after petition

date); *In re Lazy Days' R.V. Center, Inc.*, Case No. 09-13911 (KG) (Bankr. D. Del. Dec. 8, 2009) (waiving the requirement to convene a meeting of creditors subject to confirmation of the plan within 75 days after petition date); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del. Sept. 22, 2008) (waiving the requirement to convene a meeting of creditors subject to confirmation of the plan within 75 days after petition date); *In re Mrs. Fields' Original Cookies, Inc.*, Case No. 08-11953 (PJW) (Bankr. D. Del. Aug. 26, 2008); *Remy Worldwide Holdings, Inc., et al.*, Case No. 07-11481 (KJC) (Bankr. D. Del. Nov. 5, 2007) (waiving the requirement to convene a meeting of creditors subject to confirmation of the plan within 90 days after petition date).

        17.    The purpose of a section 341 meeting is to provide parties in interest with a meaningful opportunity to examine the debtor and obtain important information about the debtor. However, in this case, parties have negotiated and the impaired class of creditors entitled to vote on the Plan already has accepted the Plan and, therefore, parties are not likely to receive any significant benefit from the meeting. In that regard, the Debtors intend to proceed expeditiously to confirm the Plan and emerge from chapter 11 as quickly as possible. Therefore, the Debtors respectfully submit that cause exists for the Court to direct the U.S. Trustee not to convene a meeting of creditors or equity security holders pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed within sixty (60) days after the Petition Date.

### Waiver of Bankruptcy Rule 6004(a)

18.     To implement the foregoing successfully, and for the reasons set forth in the Olson Declaration, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a).

### Notice

19.     Notice of this Application has been provided to the following parties or, in lieu thereof, to their counsel, if known: (i) Office of the United States Trustee; and (ii) Garrison Loan Agency Services LLC, the Administrative Agent for the First Lien Credit Agreement. Following the first-day hearing in these cases, notice of the Application will be given to: (a) creditors holding the consolidated twenty largest unsecured claims against the Debtors as identified in the Debtors' petitions; (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (c) any other persons as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the relief requested, no other or further notice need be provided.

### No Prior Request

20.     No prior request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) granting the Debtors an extension of time to file their Schedules and Statements as provided herein, (b) providing for a waiver of the requirement that the Schedules and Statements be filed if the Debtors' confirm their plan prior to the expiration of such extension; (c) directing the U.S. Trustee not to convene a meeting of creditors or equity security holders; and (d) granting such other and further relief as is just and proper.

Dated: August 23, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       jfried@pszjlaw.com
       chehn@pszjlaw.com

[Proposed] Counsel for Debtors and Debtors in Possession