IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:                                              : Chapter 11
                                                    :
PTL HOLDINGS LLC, *et al.*,[1]                      : Case No. 11-12676 (BLS)
                                                    :
Debtors.                                            : Joint Administration Pending

---

## OBJECTION OF FIFTH STREET MEZZANINE PARTNERS III, L.P., AS SECOND LIEN LENDER, TO THE DEBTORS' MOTIONS TO (I) SCHEDULE A TIMELINE FOR APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN , AND (II) OBTAIN POSTPETITION FINANCING

Fifth Street Mezzanine Partners III, L.P. ("Fifth Street"), as administrative agent and lender under the credit agreement dated as of October 23, 2007 (as amended, the "Second Lien Credit Agreement"), among Premier Trailer leasing, Inc., as borrower and PTL Holdings LLC as guarantor, by and through its undersigned counsel, hereby submits this objection (the "Objection") to the motions of the above-captioned debtors (collectively, the "Debtors") seeking (i) the scheduling of a timeline for objections and hearings on approval of the disclosure statement and confirmation of the plan [Docket No. 16] (the "Scheduling Motion") and (ii) approval of postpetition financing (the "DIP") and use of cash collateral [Docket No. 12] (the "DIP Motion"), and respectfully submit as follows:[2]

## OBJECTION

### A. The Proposed Plan Timeline is Onerous and Unwarranted

1.  The Debtors (undoubtedly at the behest of the First Lien Lenders) have

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: PTL Holdings LLC (6723) and Premier Trailer Leasing, Inc. (3906).

[2] All capitalized terms not defined herein have the same meaning as defined in the DIP Motion and Scheduling Motion.

determined to prosecute these chapter 11 cases at hyper-speed in a transparent effort to marginalize Fifth Street and general unsecured creditors and torpedo the ability of Fifth Street to recover anything on account of its $27 million claim and otherwise assert rights under the Bankruptcy Code and Rules. By the Scheduling Motion, the Debtors have requested to (i) combine consideration of the proposed disclosure statement and plan at the same hearing, (ii) provide parties less than two weeks to object to both the proposed plan and disclosure statement – ignoring, without any justification, the fact that most of the Western world will be on holiday during this period and Federal Rule of Bankruptcy Procedure 2002(b), which provides parties in interest with 28 days notice to object to a disclosure statement and an additional 28 days to object to a plan, and (iii) schedule the joint hearing on approval of the disclosure statement and confirmation of the plan a mere *three weeks after the bankruptcy filing* – September 15, 2011.

2. Fifth Street objects to this unrealistic and unwarranted timeline for the following reasons. First, Fifth Street was only provided a copy of the proposed plan and disclosure statement after it was filed on the docket one day ago, despite requests to the Debtors for advance draft copies. It is inequitable for the Debtors to now seek approval of a proposed plan that wipes out Fifth Street and general unsecured creditors on an accelerated basis without any justifiable explanation or compliance with Federal Rules of Bankruptcy Procedure that were crafted to ensure adequate notice and an opportunity to be heard to parties in interest.

3. Second, Fifth Street objects to combining consideration of the proposed disclosure statement with confirmation of the plan. The disclosure statement must provide adequate information on the plan, not only for the parties voting in favor of the plan, but also for Fifth Street and any unsecured creditors' committee to ascertain the Debtors' view that there is no value above the First Lien Lender claims. Fifth Street has not been provided a copy of the

basis for the Debtors view on valuation. Fifth Street is of the view that a realistic valuation of the Debtors would exceed the outstanding amounts of first lien debt.

4. Third, the proposed timeline unfairly limits Fifth Street's ability to put on evidence at the confirmation hearing that these estates have sufficient value to provide a substantial recovery to Fifth Street as a second lien lender. Fifth Street strongly contests the view espoused by the Debtors in the proposed plan and disclosure statement that the value of these estates do not exceed the amount of the claims of the First Lien Lenders. While the Debtors disclosed at length the prepetition efforts to market the company in the first day affidavit, those efforts are painfully stale – as they took place over one year ago and at a time when the trailer business was at a low point. In fact, under the Debtors' own book value of their assets at this time, it appears that Fifth Street's $27 million claim is only undersecured by approximately $8 million. Further, upon information and belief, the Debtors' EBITDA and cash flows are projected to increase substantially over the coming year, and the fourth quarter of 2011 in particular. If anything, the proposed expedited timeline appears to have been forced upon the Debtors by the First Lien Lenders so that valuation of the Debtors can be set before the fourth quarter results are in.

5. In short, in seeking confirmation of the proposed plan as it is currently structured, the Debtors have effectively abandoned their duty to maximum value for the estates in favor of a plan that only benefits the First Lien Lenders.[3] Prior to the confirmation hearing, Fifth Street intends to take discovery of the Debtors' valuation methods, depose any witnesses that the

---

[3] Under the proposed plan, the First Lien Lenders will receive consideration in excess of their claims. This is patently in violation of the bankruptcy code and renders the proposed plan unconfirmable. "One requirement applies generally to all classes before the court may confirm under this subsection. No class may be paid more than in full." H.R. Rep. No. 595, 95th Cong., 1st Sess. 414 (1977); *see also In re Exide Techs.*, 303 B.R. 48, 61 (Bankr. D. Del. 2003) (stating "a corollary of the absolute priority rule is that a senior class cannot receive more than full compensation for its claims."); *In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 612 (Bankr. D. Del. 2001) (same).

Debtors will provide in support of their valuation estimate, and is in the process of retaining its own valuation expert to provide testimony at the confirmation hearing. Scheduling the confirmation hearing a mere 21 days from the filing of these cases is prejudicial and unfairly burdensome to Fifth Street and the Court. Fifth Street believes in good faith that at least 10 weeks are needed to (i) retain a valuation expert and permit such expert to evaluate the Debtors' books and records and formulate an expert report, (ii) take discovery of the Debtors, and (iii) depose any witnesses that the Debtors will provide in support of their valuation estimate.[4]

6.     Fourth, the Debtors have not articulated a basis to shorten the timeline. As noted above, the Debtors' EBITDA and cash flows are projected to increase substantially over the coming year. Under the Debtors' own DIP budget, the Debtors do not even need to draw on the DIP until the week of September 23, 2011. Even this draw down is immediately repaid the next week under the budget and is only needed because the Debtors have agreed to escrow accrued professional fees during these cases.

## B. Certain Provisions of the Interim DIP Order Should not be Approved

7.     While Fifth Street recognizes that the Debtors can utilize interim debtor-in-possession financing to ensure that the Debtors' businesses continue operating without interruption, such financing must be on terms that are fair, reasonable and appropriate in light of the circumstances. See In re Ames Dep't Stores, Inc., 115 B.R. 34, 37-40 (Bankr. S.D.N.Y. 1990) (approving debtor-in-possession financing only after proposed onerous provisions were modified). Given the limited time to review the DIP Motion, Fifth Street is setting forth its concerns with

---

[4] At a minimum, parties in interest should have the 28 days notice provided under Federal Rule of Bankruptcy Procedure 2002(b) to object the proposed disclosure statement and the additional 28 days notice provided under Federal Rule of Bankruptcy Procedure 2002(b) to object to the plan. The Debtors have not even attempted to demonstrated cause to shorten these timelines under Federal Rule of Bankruptcy Procedure 9006.

respect to the proposed Interim Order in summary fashion, and reserves the right to brief these and additional issues at a later date or at the final hearing:

- **The DIP Maturity is too Short**. The life of the DIP is unreasonably short and should be extended. This proposed maturity is arbitrary and self serving on the part of the First Lien Lenders. The maturity date of the DIP is the earliest to occur of: (i) October 7, 2011, (ii) the failure of the Debtors to obtain a final DIP order on or before the date which is 30 days after the bankruptcy filing, (iii) the effective date of a plan, or (iv) the occurrence of an event of default under the First Lien Credit Agreement, as modified by the Ratification Agreement. At a minimum these milestones must be extended to ensure adequate time for the parties to adjudicate the inevitable disputes on the Debtors' proposed plan.

- **The Plan Milestone Covenants are Unreasonable**. The Ratification Agreement mandates plan related milestones which gives the First Lien Lenders unprecedented power over these chapter 11 cases. The Ratification Agreement requires that the Debtors (i) receive a hearing date on the disclosure statement and confirmation of the plan that is no later than 30 days after the bankruptcy filing; (ii) obtain an order approving the disclosure statement and confirming the plan – in a form acceptable to the First Lien Lenders in "their sole discretion" - no later than 30 days after the bankruptcy filing; and (iii) have the plan go effective no later than 45 days after the bankruptcy filing. At a minimum these milestones should be extended to ensure adequate time for the parties to adjudicate the inevitable disputes on the Debtors' proposed plan.

- **Fifth Street Should have Information Rights**. Fifth Street, as a second lien lender, should receive the same information rights granted to the First Lien Lenders under the DIP.[5]

## C. **Reservation of Rights**

8.   Fifth Street hereby reserves its rights to object to any other first day motions filed by the Debtors that are not addressed in this Objection.

---

[5] Under the proposed Interim Order, the First Lien Lenders receive superpriority claims in the collateral of the Debtors and adequate protection to the extent there is any diminution in value of the collateral during the bankruptcy cases. While not a grounds to object to the DIP Motion, Fifth Street, as a second lien lender, should also receive adequate protection superpriority claims in accordance with the Intercreditor Agreement and the Bankruptcy Code.

KL2 2714100.1

## CONCLUSION

For the reasons set forth herein, Fifth Street respectfully requests that the Court: (i) deny the Scheduling Motion; (ii) authorize the Debtors to enter into the DIP Facility on the condition that Debtors modify the Interim Order to be consistent with the issues Fifth Street has raised in this Objection; and (iii) grant such other relief as appropriate.

Dated: Wilmington, Delaware
      August 25, 2011

                  YOUNG CONAWAY STARGATT &
                  TAYLOR, LLP

By: /s/ *[signature]*
M. Blake Cleary (DE No. 3614)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Robert T. Schmidt
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

Counsel for Fifth Street Mezzanine Partners III, L.P.

KL2 2714100.1