IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PTL HOLDINGS LLC, *et al.*, | : | |
| | : | Case No. 11-12676 (BLS) |
| | : | |
| | : | |
| | : | **Hearing Date: October 3, 2011, at 10:00 AM** |
| Debtors. | : | **Objections Due: September 23, 2011, at 4:00 PM** |

## OBJECTION TO THE
## PREPACKAGED JOINT PLAN OF REORGANIZATION OF
## PTL HOLDINGS LLC, ET AL., UNDER
## CHAPTER 11 OF THE BANKRUPTCY CODE

The United States, on behalf of its Internal Revenue Service ("IRS"), by and through the undersigned attorneys, in support of its objection to the Prepackaged Joint Plan of Reorganization of PTL Holdings LLC, et al., Under Chapter 11 of the Bankruptcy Code [Docket No.13] ("Plan"), avers as follows:

1. On August 23, 2011, the debtors filed voluntary bankruptcy petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2. IRS is a creditor and party in interest. IRS has asserted a pre-petition claim against Premier Trailer Leasing, Inc., in the amount of $1,500.00. IRS has also asserted a pre-petition claim against PTL Holdings LLC in the amount of $3,000.00.

3. The IRS objects to the confirmation of the Plan unless and until all outstanding federal tax returns are filed.

4. IRS objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of the IRS. Article XI(B)(2) of the Plan expressly enjoins creditors from exercising setoff rights. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). IRS has asserted its right to setoff in its claims and it has notified the debtors of its intention to affect setoff against any available monies held by other federal agencies. Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d

1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagra Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

5. IRS objects to Article III(B) of the Plan to the extent it fails to provide for the payment of interest at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622 on IRS administrative expense claims. See 11 U.S.C. Section 503(b)(1)(C); United States v. Friendship College, Inc., 737 F.2d 430 (4th Cir. 1984); In re Mark Anthony Construction, Inc., 886 F.2d 1101 (9th Cir. 1989).

6. If the IRS priority tax claims are not paid in full in cash on the Effective Date, the IRS objects to Article III(C) of the Plan to the extent it fails to comport with 11 U.S.C. Section 1129(a)(9)(C) by failing to provide for interest on the IRS priority claims at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622. Moreover, the IRS objects to this provision of the Plan to the extent it fails to provide for the payment of IRS penalty claims.

7. IRS objects to Article V(A)(5) of the Plan to the extent such language provides no payment to the IRS with respect to its general unsecured claims.

8. The IRS objects to Article VIII(A) and (E) to the extent these provisions limit the ability of the IRS to amend a timely filed claim or receive payment for such claim.

9. The IRS objects to Article IX(A) of the Plan to the extent it limits the allowed amount of the IRS claims to the amount reflected on the debtors' books and records instead of the face amount of the IRS proofs of claim. This provision contravenes 11 U.S.C. Section 502(a) which provides that a creditor's proof of claim is deemed allowed unless a party in interest objects.

10. The IRS objects to Articles XI(B)(1) and XIV(B)(5) of the Plan to the extent that the Plan provides for the extension of the automatic stay through the Effective Date in violation of 11 U.S.C. Section 362(c)(2)(C).

11. IRS objects to the discharge provisions in the Plan to the extent such provisions are inconsistent with 11 U.S.C. Section 1141(d)(6).

**WHEREFORE,** IRS respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

CHARLES M. OBERLY, III
United States Attorney

By: */s/ Ellen W. Slights*
Ellen W. Slights
Assistant United States Attorney
Delaware State Bar No. 2782
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

September 23, 2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PTL HOLDINGS LLC, *et al.*, | Case No. 11-12676 (BLS) |
| Debtors. | **Hearing Date: October 3, 2011, at 10:00 AM** <br> **Objections Due: September 23, 2011, at 4:00 PM** |

## AFFIDAVIT OF SERVICE

I, Marie Steel, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on September 23, 2011 a copy of the

**OBJECTION TO THE PREPACKAGED JOINT PLAN OF REORGANIZATION OF PTL HOLDINGS LLC, ET AL., UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

was served, as indicated, upon:

Office of the United States Trustee
Attn: Juliet Sarkessian, Esq.
844 King Street
Suite 2207
Lockbox #35
Wilmington, DE 19801
via facsimile (302) 573-6497

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19899
via facsimile (302) 652-4400

| | |
|---|---|
| Peter J. Antoszyk, Esq.<br>Proskauer Rose LLP<br>One International Place<br>Boston, MA 02110<br>via facsimile (617) 526-9899 | Jeffrey W. Levitan, Esq<br>Proskauer Rose LLP<br>Elevan Times Square<br>New York, NY 10036-8299<br>via facsimile (212) 969-2900 |

/s/ *Marie Steel*
Marie Steel