# **<u>EXHIBIT B</u>**



### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PTL HOLDINGS LLC, *et al.*,[1] | ) Case No. 11-12676 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Related Docket No. 15 |

## ORDER GRANTING MOTION (A) PROVIDING EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIR; (B) PROVIDING FOR WAIVER OF REQUIREMENT TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS IF PLAN BECOMES EFFECTIVE PRIOR TO EXPIRATION OF SUCH EXTENSION; AND (C) DIRECTING THE U.S. TRUSTEE NOT TO CONVENE A MEETING OF CREDITORS OR EQUITY SECURITY HOLDERS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") granting an extension of time for the Debtors to file their Schedules and Statements and providing for a waiver of the requirement of the Debtors to file the Schedules and Statements if the Debtors' Plan becomes effective prior to the expiration of such extension and upon the *Declaration of Scott J. Nelson in Support of Chapter 11 Petitions and First Day Motions*; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: PTL Holdings LLC ("Holdings") (6723) and Premier Trailer Leasing, Inc. ("Premier") (3906). The Debtors' address is 3600 William D. Tate Avenue, Suite 300, Grapevine, Texas 76051.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted as provided herein.

2. The Debtors are hereby granted an extension of thirty (30) days in addition to the thirty (30) days provided in Local Rule 1007-1(b), through and including October 22, 2011, to file their Schedules and Statements. ~~If the Debtors confirm the Plan that becomes effective prior to the expiration of such extended period, such effectiveness shall be deemed to act as a waiver of the requirement to file the Schedules and Statements.~~

~~3.~~ ~~Any extension of time hereunder to file the Schedules and Statements is without prejudice to~~, provided however, that the Debtors will not be required to file the Schedules and Statements if the Plan is confirmed upon the later to occur of (i) forty-five (45) days after the Petition Date, or (ii) the last day of the hearing scheduled by the Bankruptcy Court to consider confirmation of the Plan, provided further that the foregoing is without prejudice to the Debtors' right to ~~seek~~request further extensions of ~~time if necessary~~the deadline to file the Schedules and Statements.

3. ~~4.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. ~~5.~~ The ~~U.S.~~United States Trustee ~~is directed,~~shall not be required to schedule a meeting of creditors pursuant to section 341(~~e~~) of the Bankruptcy Code~~, not to convene a meeting of creditors or equity security holders~~ unless the Plan is not confirmed within seventy-five (75) days after the Petition Date.

5.   ~~6.~~ Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.   ~~7.~~ All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.   ~~8.~~ To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

8.   ~~9.~~ The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2011

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge