## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **PTL HOLDINGS LLC, *et al.*,**[1] | **Case No. 11-12676 (BLS)**<br>**(Jointly Administered)** |
| **Debtors.** | Hearing Date:  October 3, 2011 at 10:00 a.m.<br>Objection Deadline:  September 23, 2011 at 4:00 p.m.<br>Extended by Agreement:  September 30, 2011 at noon<br><br>Re Docket No. 13 |

## UNITED STATES TRUSTEE'S OBJECTION TO THE PREPACKAGED JOINT PLAN OF REORGANIZATION OF PTL HOLDINGS LLC, ET AL., UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

In support of her objection (the "Objection") to the Prepackaged Joint Plan of Reorganization of PTL Holdings LLC, *et al*. Under Chapter 11 of the Bankruptcy Code (the "Plan"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

### Jurisdiction

1.      This Court has jurisdiction to hear this objection pursuant to 28 U.S.C. § 1334.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33

---

[1]      The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: PTL Holdings LLC (6723) and Premier Trailer Leasing, Inc. (3906).  The Debtors' address is 3600 William D. Tate Avenue, Suite 300, Grapevine, Texas 76051.

F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.    Pursuant to section 307 of the Bankruptcy Code, the U.S. Trustee has standing to be heard with regard to this Objection.

### Background

4.    On August 23, 2011 (the "Petition Date"), each of the Debtors[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.    The U.S. Trustee has not yet appointed an official committee of unsecured creditors.

6.    The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.    On August 23, 2011, the Debtors filed the Plan (Docket No. 13) and Disclosure Statement (Docket No. 14).

### Preliminary Statement

8.    A chapter 11 plan may not be confirmed unless the Court can find that the plan complies with the provisions of 11 U.S.C. § 1129 (a).  A plan proponent bears the burden of proof with respect to each and every element of 11 U.S.C. § 1129 (a).  *See In re Genesis Health Ventures, Inc*., 266 B.R. 591 (Bankr. D. Del. 2001).   As discussed below, the Plan is not confirmable because it contains an exculpatory provision that is contrary to applicable law in this District.

### Basis for Relief Requested

---

[2]    All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

9.      Section XI.C. of the Plan, Exculpation, states that:

As of and subject to the occurrence of the Effective Date, each of the
Debtors, the Prepetition Agent, Holders of First Lien Credit Agreement
Claims, Coda Capital Partners L.L.C. and its affiliates, Angelo, Gordon &
Co. LP and its affiliates, and each of their respective Agents, shall neither
have nor incur any liability to any Person or Entity for any act taken or
omitted to be taken, in connection with, or related to, the formulation,
preparation, dissemination, implementation, administration, Confirmation
or consummation of the Plan or any contract, instrument, waiver, release
or other agreement or document created or entered into, in connection with
the Plan, or any other act taken or omitted to be taken in connection with
the Cases; *provided, however,* that the foregoing provisions of this
subsection shall have no effect on the liability of any Person or Entity that
results from any such act or omission that is determined in a Final Order to
have constituted gross negligence or willful misconduct.

10.     The list of exculpated parties is too broad and should be limited to those
parties who served in the capacity of estate fiduciaries, *i.e.*, estate professionals and the Debtors'
directors and officers.  *See In re Washington Mutual Inc.,* 442 B.R. 314, 350-52 (Bankr. D. Del.
2011).

11.     In *PWS Holding Corp*, 228 F.3d 224  (3d Cir. 2000), the United States
Court of Appeals for the Third Circuit examined the question of whether limited exculpation for
official committee members and professionals retained by the debtors was appropriate.  The
Third Circuit ruled that the exculpation was appropriate because the provision at issue correctly
stated the standard of liability for fiduciaries including official committee members and debtor
professionals.  *See also In re Coram Healthcare Corp*., 315 B.R. 321, 337 (Bankr. D. Del. 2004)
(stating that "[third party release provisions against Trustee, Equity Committee and their
respective agents and professionals] are not permissible except to the extent they are limited to
post-petition activity which does not constitute gross negligence or willful misconduct.").

12.     The language at issue in section XI.C. of the Plan contemplates the exculpation of non-debtor parties who did not serve in these cases as estate fiduciaries, and therefore, should not be approved.

**WHEREFORE**, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court issue an order granting the requested relief and granting such other and further relief that is deemed fair, just, equitable and proper.

Dated: September 30, 2011
      Wilmington, Delaware

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By: */s/ Tiiara N. A. Patton* .
Tiiara N. A. Patton
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)